**UNITED STATES DISTRICT COURT
for the SOUTHERN DISTRICT OF INDIANA,
INDIANAPOLIS DIVISION**

| | |
|---|---|
| HILL-ROM SERVICES, INC.; HILL-ROM COMPANY, INC.; and HILL-ROM MANUFACTURING, INC., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) CAUSE NO. 1:11-cv-458-JMS-DKL<br>) |
| STRYKER CORP. and STRYKER SALES CORP., | )<br>)<br>) |
| Defendants. | ) |

**ENTRY**

**Defendants'** *Motion for Leave to Amend Its Counterclaims
to Add Additional Counts* **[doc. 72]**

Defendants ("Stryker") seek leave to add three counterclaims asserting that Plaintiffs ("Hill-Rom") have infringed an additional three of their patents. Stryker's patent 6,262,006 ('006), titled "Brake for Castered Wheels," describes a braking system for a patient-care "wheeled carriage," *i.e.*, bed, stretcher, or gurney. Its proposed Count 14 asserts that Hill-Rom's "patient care stretchers equipped with four-sided brake and steer pedals, including at least the Procedural Stretcher" infringe Stryker's '006 patent. Stryker's patents 7,124,456 ('456) and 7,395,564 ('564), both titled "Articulated Support Surface for a Stretcher or Gurney," describe a support structure or frame configuration for a patient-care gurney. Proposed Counts 15 and 16 assert that Hill-Rom's "patient care stretchers equipped with the BackSaver Fowler, including at least the Procedural

1

Stretcher," infringe Stryker's '456 and '564 patents.

Hill-Rom's existing claims allege that four of Stryker's patient-care bed products (Prime Series Stretcher, InTouch Bed, S3 Bed, and Epic II Bed), when equipped with Stryker's Zoom Motorized Drive System, infringe ten of Hill-Rom's patents that generally describe motorized features of patient-care beds. Stryker's current counterclaims allege that seven Hill-Rom products (TotalCare, TotalCare Connect, TotalCare Bariatric Plus, CareAssist ES, VersaCare, VersaCare TC, and Advanta 2), when equipped with Hill-Rom's IntelliDrive power-assist feature, infringe three of Stryker's patents that generally describe motorized or powered features of patient-care beds.

Styker argues that the interest of judicial efficiency will be advanced if it is allowed to add its three new infringement counterclaims because the same parties are involved and the new patents and accused products "relate generally to the field of patient support platforms that already is the subject of this litigation." Likely common issues will be the definition of the relevant common market and the value of various stretcher features. Stryker also argues that the addition will not delay the litigation because it is prepared to meet the deadlines in the parties' proposed case management plan ("CMP"). In its reply, however, Stryker asserts that it can file preliminary infringement contentions within ten days of the Court's granting leave to amend, that it is confident that the parties can work together to develop a case-management schedule

for the new counterclaims that will only "slightly trail" the existing proposed schedule, and that it will cooperatively work with Hill-Rom on extensions if necessary. It contends that resolution of the existing claims and counterclaims will not be significantly delayed. Stryker also points out that it filed the present motion within the deadline for motions to amend the pleadings provided in the proposed CMP. If its motion is not granted, Stryker intends to file another suit asserting its additional claims.

The Court agrees with Hill-Rom that Stryker's three proposed counterclaims are not a good fit for this case. While Stryker is correct that all of the claims pertain to the "field of patient support platforms," it is categorizing too broadly. The existing claims and counterclaims relate more narrowly to patents covering motorized drive systems for patient-support platforms, specifically Hill-Rom's IntelliDrive and Stryker's Zoom systems. The existing and proposed claims might share common issues regarding the definition of the relevant market and the value of certain bed features, but the facts and issues that will predominate, on claim-definition, claim-application, infringement, and invalidity, will be those relating to the motorized drive technology. In addition, Stryker's proposed counterclaims add one more product to the eleven already in this case. In short, the proposed counterclaims do not sufficiently relate to the existing claims to render their addition worthwhile or more efficient. The new technologies and new product hitched to the new claims will needlessly complicate and/or prolong the Court's and the jury's tasks.

Furthermore, this case is already progressing well and is on track. The Court is loathe to throw any additional complications into the mix. Stryker has signaled that, if amendment is denied, it will assert its claims in a new suit, so it has a ready alternative.

Stryker's motion is **DENIED**.

**SO ORDERED**.

Date  02/02/2012

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Paul D. Bond
Adam R. Brausa
David K. Callahan
Rachel N. Farrington
Mary E. Zaug
Alicia L. Frostick
**KIRKLAND & ELLIS, LLP**
daniel.bond@kirkland.com
adam.brausa@kirkland.com
david.callahan@kirkland.com
rachel.farrington@kirkland.com
mary.zaug@kirkland.com
alicia.frostick@kirkland.com

Andrew W. Hull
**HOOVER HULL, LLP**
awhull@hooverhull.com

Steven E. Derringer
Matthew R. Ford
Christopher J. Lind
J. Scott McBride
Brian C. Swanson
Benjamin J. Whiting
**BARTLIT BECK HERMAN PELENCHAR & SCOTT, LLP**
steven.derringer@bartlit-beck.com
matthew.ford@bartlit-beck.com
chris.lind@bartlit-beck.com
scott.mcbride@bartlit-beck.com
brian.swanson@bartlit-beck.com
ben.whiting@bartlit-beck.com

Daniel James Lueders
Steve Edward Zlatos
**WOODARD EMHARDT MORIARTY MCNETT & HENRY, LLP**
lueders@uspatent.com
stevezlatos@uspatent.com